# United States District Court, Northern District of Illinois

(Opinion)

| Name of Assigned Judge or Magistrate Judge | ELAINE E. BUCKLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4484 | **DATE** | 7/22/10 |
| **CASE TITLE** | Marlon Thomas (#2010-0619176) vs. Cook County Corrections | | |

**DOCKET ENTRY TEXT:**

The plaintiff is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form with the supporting information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee. The plaintiff must also submit an amended complaint (plus a judge's copy and service copies). The clerk is directed to send the plaintiff an i.f.p. application, an amended complaint form, and instructions along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case. The plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.

■ [**For further details see text below.**]      **Docketing to mail notices.**

## STATEMENT

    The plaintiff, a detainee at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff appears to claim that surgery on his hand was botched and that he is being wrongfully held in jail custody.

    The plaintiff has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from the plaintiff's trust fund account. Thereafter, correctional authorities having custody of the plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

    To enable the court to make the necessary assessment of the initial partial filing fee, the plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if the plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from January 19, 2009, through July 19, 2009].

The plaintiff must also submit an amended complaint (plus a judge's copy and a sufficient number of copies for service on each defendant named in the amended pleading), as the document on file is unacceptable. First, the complaint submitted is not on the court's form, as required by Local Rule 81.1 (N.D. Ill.).

More importantly, the complaint on file does not satisfy basic pleading requirements. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Having read the complaint on file, the complaint is unsure what wrong(s) the plaintiff believes has been committed.

In addition, the plaintiff has not named a proper defendant. If the plaintiff is suing over the quality of his medical care, then he must name the health care providers responsible for acting with deliberate indifference to his serious medical needs. The only named defendant, the Cook County Department of Corrections, is not a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993). Moreover, it should be noted that neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

The plaintiff must file a petition for a writ of habeas corpus if he wishes to challenge his incarceration. *See, e.g., Hanson v. Heckel*, 791 F.2d 93 (7th Cir. 1986) (per curiam); *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). A prisoner claiming that he is entitled to an immediate or more speedy release from his incarceration must seek federal court relief by way of a petition for a writ of habeas corpus. *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996).

The court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.* Before deciding whether to pursue habeas relief, the plaintiff is cautioned to conduct some preliminary research, particularly concerning the requirement that a petitioner completely exhaust state court remedies prior to seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A); *Greene v. Meese*, 876 F.2d 639, 640 (7th Cir. 1989).

**(CONTINUED)**

| STATEMENT (continued) |
|---|

The plaintiff is also advised that although federal district courts have jurisdiction over pretrial habeas petitions, they grant such relief only sparingly. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973).

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the court's required form. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.** The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

In sum, the plaintiff must: (1) either file a properly completed petition to proceed *in forma pauperis* or pay the statutory filing fee; and (2) submit an amended complaint, plus judge's and service copies. The Clerk will provide the plaintiff with the necessary forms along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case.